NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-312

MARTHA OMORODION-MOGAJI

vs.

A-LOWELL SELF STORAGE & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a Superior Court judgment for the defendants on the plaintiff's eleven-count amended complaint concerning her access to items in a storage unit owned and operated by the defendants.[2]  We affirm the judgment.

The underlying facts and claims need not be described in detail.  It suffices to say that after a motion judge dismissed most of the claims for failure to state a claim on which relief could be granted, the remaining claims went to trial before a jury.  After the close of the plaintiff's case in chief, the trial judge directed a verdict for the remaining two defendants

---

[1] A-Tucard LLC, Frank Pollack, and Joseph Dicarlo.

[2] The final judgment itself indicates only that the defendants' motion for a directed verdict was allowed.  In light of the allowance of that motion as to certain claims, and the earlier allowance of a motion to dismiss all other claims, we construe the judgment as resolving all claims in the defendants' favor.

on the plaintiff's assault claim and for all four defendants on the plaintiff's claims of trespass to chattels and negligence. The plaintiff appealed.

The plaintiff's appellate brief does not rise to the level of appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  See also Maroney v. Planning Bd. of Haverhill, 97 Mass. App. Ct. 678, 683 n.8 (2020).  Her brief also fails to include accurate and appropriate record citations as required by rule 16 (a) (9) (A), making her claims of error difficult to decipher.  We nevertheless briefly address the points in her brief, insofar as we are able to discern them.

1.  Statute of limitations.  The plaintiff first asserts that it was error to dismiss any of her claims on statute of limitations grounds.  We have reviewed the record and find no indication that any of her claims were dismissed on such a ground, either at the motion to dismiss or directed verdict stages or at any other point in the case.

2.  Contract.  The plaintiff asserts that the defendants failed to acknowledge their contractual obligations until damages had resulted.  The motion judge dismissed the contract claim on the ground that the plaintiff lacked standing to assert it.  The plaintiff does not identify any error in that ruling.

2

3. _Negligence_. The plaintiff argues the merits of her negligence claim. She does not address or identify any error in the trial judge's ruling ordering a directed verdict for the defendants on claim preclusion and issue preclusion grounds, based on a prior District Court judgment.[3]

4. _Negligence per se_. Under the heading of "negligence per se," the plaintiff argues that the defendants' conduct violated G. L. c. 184, § 18, and the Attorney General's consumer protection regulations. The amended complaint, however, does not appear to contain any such claims.

5. _Trespass to chattel_. As with her negligence claim, the plaintiff argues the merits of her trespass to chattel claim, but does not address the trial judge's ruling ordering a directed verdict for the defendants on claim preclusion and issue preclusion grounds.

6. _Conversion_. The plaintiff argues the merits of her conversion claim. The motion judge dismissed that claim on the ground, among others, that the plaintiff lacked standing to assert it. The plaintiff does not identify any error in that ruling.

---

[3] The plaintiff's reply brief alludes to res judicata and collateral estoppel but presents no discernible argument as to why either doctrine was inapplicable here.

7. _Tortious interference with contract rights_.  As with her conversion claim, the plaintiff argues the merits of her tortious interference with contract rights claim, but fails to identify any error in the motion judge's dismissal of that claim on the ground, among others, that the plaintiff lacked standing to assert it.

8. _Damages_.  The plaintiff argues generally that she was entitled to damages, but she identifies no specific error in the judge's rulings resolving her claims in the defendants' favor. She also discusses the constitutional guarantee of equal protection of the laws, but nowhere did the amended complaint assert an equal protection claim.

_Judgment affirmed_.

By the Court (Milkey, Blake & Sacks, JJ.[4]),

_Joseph F. Stanton_

Clerk

Entered: October 6, 2023.

---

[4] The panelists are listed in order of seniority.